UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE SNEATH, II, | |
| Plaintiff, | Case No. 2:09-CV-01521-KJD-GWF |
| v. | **ORDER** |
| GMAC MORTGAGE, et al., | |
| Defendants. | |

Currently pending before the Court is Defendants Executive Trustee Services ("ETS") and GMAC Mortgage, LLC's ("GMAC") (referred to jointly herein as "Defendants") Motion to Dismiss for Lack of Standing (#23).[1] Plaintiff filed a Response in Opposition (#26), to which Defendants filed a Reply (#28).

**I. Background**

On or about April 14, 2006, Plaintiff Bruce Sneath ("Sneath") entered into a loan agreement with Greenpoint Mortgage Funding, Inc. for $686,250.00 via a note secured by a deed of trust encumbering the subject property located at 6971 Arville Street, Las Vegas, Nevada. (See #8.) Sneath subsequently defaulted on the note, and pursuant to N.R.S. § 107.080 Executive Trustee

---

[1]The Court has considered all pending motions in this action, however because the instant Motion is dispositive, all other motions are denied as moot, per the instant Order.

1 Services ("ETS") recorded a notice of trustee's sale. On August 8, 2008, GMAC purchased the
2 subject property at the trustee's sale with a credit bid of $773,625.00. On August 29, 2008, Plaintiff
3 filed for Chapter 13 Bankruptcy Protection. (See #23 Ex. A.) On August 10, 2009, Plaintiff's
4 bankruptcy was discharged. (See #23 Ex. B.)

5 Plaintiff filed his Complaint (#13) in this Court on September 18, 2009, bringing twelve
6 claims for relief for: (1) Violations of the Home Ownership Equity Protection Act ("HOEPA"); (2)
7 Violations of the Real Estate Settlement Procedures Act ("RESPA"); (3) Violations of the Federal
8 Truth-In-Lending Act ("TILA"); (4) Violations of the Fair Credit Reporting Act ("FCRA"); (5)
9 Fraudulent Misrepresentation; (6) Breach of Fiduciary Duty; (7) Unjust Enrichment; (8) Civil
10 Conspiracy; (9) Civil Rico; (10) Quiet Title; (11) Usury and Fraud; and (12) Wrongful Foreclosure.[2]
11 The gravamen of Plaintiff's Complaint alleges that Defendants do not have standing to initiate a non-
12 judicial foreclosure on his property because they are not holders of the original note. Additionally,
13 Plaintiff avers a general conspiracy within the banking and lending industry that the
14 securitization—or placement of his loan on the secondary market—makes it impossible to identify
15 which parties have purchased an interest in the loan, thus invalidating the note. These misguided
16 allegations infect all of Plaintiffs' causes of action.[3] See Birkland v. Silver State Financial Services,
17 Inc., 2010 WL 3419372 (D. Nev. Aug. 25, 2010).

18 Defendants' instant Motion requests that the Court dismiss Plaintiff's action for lack of
19 standing pursuant to 11 U.S.C. § 541(a). Defendants aver that Plaintiff's Complaint must be
20 dismissed because prior to filing the instant action, Plaintiff filed for Chapter 13 bankruptcy
21 protection, and resultant of said bankruptcy filing, lacks standing to file his Complaint in this forum.
22 The Court agrees.

---

[2] Plaintiff filed a copy of the Complaint together with an Application to Proceed in forma pauperis (#1) on September 13, 2009.

[3] Plaintiff filed a Motion for Temporary Restraining Order (#3) on August 14, 2009, that was denied by the Court per Minute Order #4. Among other things, the Minute Order stated that Plaintiff's application for injunctive relief did not comply with the requirements of Fed. R. Civ. P. 65(b).

2

## II. Legal Standard

### A. Standing

To meet Article III's standing requirements, the party invoking federal jurisdiction bears the burden to show that it has (1) suffered "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly trace[able] to the challenged action of the defendant"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

### B. Bankruptcy Estate

11 U.S.C. § 541(a)(1) (1982) defines property of a bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." The scope of Section 541 is broad, and includes causes of action. United States v. Whiting Pools, Inc., 462 U.S. 198, 205 & n. 9 (1983); see also, Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986). Here, Defendants aver that because Plaintiff seeks money damages in regard to the subject property, and because his claims accrued prior to the filing of his bankruptcy petition, said claims may only be brought by the bankruptcy trustee.

## III. Analysis

Upon examination of the Motion, the Court finds that Plaintiff does not have standing to pursue his claims in this forum. Because Plaintiff has filed claims for alleged injuries that pre-date his bankruptcy petition he lacks standing to bring said claims on his own behalf here.

Plaintiff's complaint states that he is "entitled to an accounting and pro rate (sic) share of the profits obtained by the illegal, improper and undisclosed use of her (sic) name, credit rating and identity." (Compl. at ¶ 60.) Plaintiff additionally avers that his "share of said profits would be in excess of $1 million." (Id. at ¶ 61.) The Complaint also requests money damages specific to certain claims. Particularly, Plaintiff's HOEPA claim, seeks "return of any money or property paid by the Plaintiff including all payments made in connection with the transactions." (Id. at ¶ 101.3. ) Plaintiff

3

also seeks "an amount of money equal to twice the finance charge in connection with the transactions", (Id. at ¶ 101.4) and "actual damages in an amount to be determined at trial." (Compl. at ¶ 101.6.)

Moreover, Plaintiff seeks treble damages under his RESPA claim, (id. at ¶¶ 105) and general and punitive damages pursuant to his Fair Credit Reporting Act (id. at ¶¶ 114–116), fiduciary duty (id. at ¶¶ 127–128), unjust enrichment (id. at ¶ 134), civil conspiracy (id. at ¶¶ 139–140), and wrongful foreclosure (id. at ¶ 170) claims. He also seeks damages in his fraudulent misrepresentation (id. at ¶ 123) and Civil RICO (id. at ¶ 146) claims, and alleges entitlement to "recovery of all money or value paid to Defendants, plus treble damages" in his usury and fraud claim. (Id. at ¶ 163.)

Pursuant to Whiting Pools, Inc., these claims for damages belong to the trustee in bankruptcy. 462 U.S. at 265  Accordingly, as Plaintiff's Bankruptcy was discharged on August 10, 2009, he must petition the bankruptcy court to reopen proceedings in order that it may decide whether the trustee should enforce Plaintiff's damages claims for the benefit of creditors or whether to abandon said claims. Stein v. United Artists, 691 F.2d 885 (9th Cir. 1982).

Additionally, the Court finds that Defendants are not estopped from challenging Plaintiff's standing in this action, nor do they merit Rule 11 sanctions. The test for judicial estoppel requires the movant to show that:

> (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.

Delgado v. American Family Ins. Group, 2009 WL3151165, *4 (Nev. Oct. 1, 2009) (quoting Marcuse v. Del Webb Communities, 163 P.3d 462 468–69 (Nev. 2007). Plaintiff alleges that because Defendants argued that the subject property was not an asset to the bankruptcy estate during its unlawful detainer case in state court, that they are estopped from arguing against his standing in this action. Plaintiff is mistaken. As stated above, Defendants do not take the position that the

subject property was not an asset of the bankruptcy action; rather, they argue that Plaintiff's claims accrued prior to the filing of his Bankruptcy Petition, and thus are property of the bankruptcy estate. Accordingly, judicial estoppel does not apply.  For the same reason, Plaintiff's request for sanctions also fails.

**III. Conclusion**

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant GMAC Mortgage, LLC's Motion to Dismiss for Lack of Standing (#23) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

DATED this 27th day of September 2010.

_____
Kent J. Dawson
United States District Judge