# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRUCE SNEATH II,

    Plaintiff,

v.

GMAC MORTGAGE, et al.,

    Defendants.

Case No. 2:09-CV-01521-KJD-GWF

**ORDER**

Currently before the Court is Plaintiff's Motion for District Judge to Reconsider Order (#62), filed October 7, 2010. Defendant Capital One Bank filed a Response (#63), to which Plaintiff filed a Reply (68).[1] Plaintiff seeks that the Court reconsider its Order (#60) of September 27, 2010, in which the Court granted Defendants' Motion to Dismiss.

**I. Standard of Law**

Where a ruling has resulted in a final judgment or order, a motion for reconsideration may be construed by the Court either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). School Dist. No. IJ Multnomah County v. AC & S, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), cert. denied 512 U.S. 1236 (1994).

Reconsideration under Fed. R. Civ. P. 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has

---

[1] Plaintiff's Reply was incorrectly filed as a "Response". Said document is referred to herein as Plaintiff's Reply (#68).

stated that Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments,", and are not "intended to give an unhappy litigant one additional chance to sway the judge." See Momot v. Mastro Resolution Trust Corp. v. Holmes, 846 F. Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted); Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va.1977).[2]

Here, the Court finds that Plaintiff has failed to meet his burden under Rule 59. Plaintiff has failed to identify any relevant or newly discovered evidence, or that the Court's initial ruling was manifestly unjust. Though he raises numerous arguments in attempt to persuade the Court that its previous decision was erroneous, Plaintiff's arguments are nothing more than a recirculation of the arguments raised in his Complaint. Additionally, Plaintiff has failed to show that there has been an intervening change in controlling law.

Here, Plaintiff avers that the Court "has the inherent authority, sua sponte, to make inquiry over just about anything in its quest for truth and justice" and thus could "vitiate" the "judgment or ruling . . . of the bankruptcy court". (#62 at 2.) As it previously found by this Court however, Plaintiff lacks standing to bring his underlying claims because he filed claims for alleged injuries that pre-date his bankruptcy petition. Pursuant to United States v. Whiting Pools, Inc., 462 U.S. 198, 265(1983), Plaintiff's claims belong to the trustee in bankruptcy. Accordingly, as Plaintiff's bankruptcy was discharged on August 10, 2009, he must petition the bankruptcy court to reopen proceedings in order that it may decide whether the trustee should enforce Plaintiff's damages claims

---

[2]Plaintiff's Motion would likewise fail if deemed a Motion for Relief from Judgment under Rule 60.

for the benefit of creditors or whether to abandon said claims.  <u>Stein v. United Artists</u>, 691 F.2d 885 (9th Cir. 1982).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for District Judge to Reconsider Order (#62), is **DENIED.**

DATED this 24th day of January, 2011.

_____
Kent J. Dawson
United States District Judge